# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CINDY MITCHELL**                                                                                       **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 5:21-CV-65-TBR**

**DEPT. OF VETERANS AFFAIRS et al.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Cindy Mitchell filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

Plaintiff names as Defendants the Department of Veterans Affairs; Social Security; and the Department of Children Services in Paris, Tennessee. She indicates that the basis for jurisdiction is diversity of citizenship. She states that she is a citizen of Kentucky and that the amount in controversy is $100,000. The complaint continues:

> I Cindy Mitchell was a minor held from age 13 until age 17 in Dept of Children Services custody. I want legal proof of what they done with my fathers social sec and VA checks they told me I had a trust fund that would be prov. to me age 18 never has received it.

Plaintiff asserts, "I think I'm entitled to 4 years of backpay from social security and VA."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must

liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claim Related to Veterans' Benefits***

Plaintiff alleges that she is entitled to four years' worth of veterans' benefits. Even construing Plaintiff's complaint liberally, the Court finds Plaintiff's claim related to veterans' benefits is subject to dismissal for lack of subject-matter jurisdiction.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section § 511(a) of Title 38 of the U.S. Code precludes a district court from reviewing decisions on veterans' benefits, including constitutional challenges. Such challenges must be

filed in the Court of Appeals for Veterans Claims, formerly known as the Court of Veterans Appeals, and from there they are reviewable by the Federal Circuit Court. *Beamon v. Brown*, 125 F.3d 965, 970-71 (6th Cir. 1997). Consequently, this Court lacks subject-matter jurisdiction over Plaintiff's veterans' benefits claim. *See, e.g.*, *Lane v. Dep't of Veterans Affs.*, No. 1:19 CV 2746, 2020 WL 1332015, at *1 (N.D. Ohio Mar. 23, 2020).

*Claim Related to Social Security Benefits*

The Court also lacks subject-matter jurisdiction over Plaintiff's claim that she is entitled to four years' worth of Social Security benefits. This Court acts only as a court of appeals with regard to review of Social Security disability-benefits denials: it does not have subject matter jurisdiction where a claimant fails to exhaust the administrative procedures set out in the Social Security Act. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (noting that federal courts lack subject-matter jurisdiction over a lawsuit bringing claims that arise under the Social Security Act until the Commissioner issues a final decision); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). Nothing in the complaint indicates that Plaintiff has exhausted her administrative remedies with the Social Security Administration or even filed a claim there. Therefore, this claim must be dismissed for lack of subject-matter jurisdiction.

*Claim Against the Tennessee Department of Children Services*

Plaintiff sues the Tennessee Department of Children Services in relation to her custody within that Department for four years when she was a teenager. However, a civil action must be brought in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because the Tennessee Department of Children Services is located in Tennessee and because it is clear that a substantial part of the events or omissions giving rise to Plaintiff's claim against the Tennessee Department of Children Services occurred in Tennessee, not Kentucky, Plaintiff would have to bring this claim against this Defendant in the appropriate district court in Tennessee. Accordingly, the Court will dismiss the claim against the Tennessee Department of Children Services without prejudice pursuant to § 1391(b) and 28 U.S.C. § 1406(a).

The Court will enter a separate Order dismissing this action.

Date: October 18, 2021

*[Signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4413.009